# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| KENNETH JAMES HEBERT, ) | Case No. 15-CR-50-JHP |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is Defendant Kenneth James Hebert's Motion in Limine (Doc. No. 57). Defendant seeks a pre-trial ruling on the admissibility of Defendant's prior convictions for impeachment purposes, should Defendant choose to testify at trial. Plaintiff United States of America opposes the Motion (Doc. No. 61). For the reasons set forth below, Defendant's Motion is DENIED.

## Background

On July 14, 2015, Defendant Hebert was indicted by a federal grand jury for Felon in Possession of Explosive, in violation of 18 U.S.C. § 842(i)(1). The United States alleges Defendant, having been previously convicted of multiple felony offenses, possessed a box of blasting caps, which were later found at a house in Hugo, Oklahoma. (*See* Doc. No. 44).

## Discussion

18 U.S.C. § 842(i)(1) makes it unlawful for a person convicted of a felony "to ship or transport any explosive in or affecting interstate or foreign commerce or to receive or possess any explosive which has been shipped or transported in or affecting interstate or foreign commerce." A necessary element of any prosecution under this statute is proof the defendant,

1

having been previously convicted of a felony, "knowingly" possessed an explosive as named in the indictment. *United States v. Markey*, 393 F.3d 1132, 1135 (10th Cir. 2004).

In the Motion, defense counsel states he anticipates Defendant will testify in his own defense, particularly with regard to his knowledge of possession of the blasting caps. For this reason, Defendant seeks a ruling under Federal Rule of Evidence 609(a)(1)(B) that his prior convictions shall not be admitted for purposes of impeaching Defendant's testimony. Federal Rule of Evidence 609(a) requires previous felony convictions to be admitted to impeach the testimony of a criminal defendant "if the probative value of the evidence outweighs its prejudicial effect to that defendant." Thus, the question presented is whether the probative value of Defendant's prior convictions for Possession with Intent to Distribute Methamphetamine, Possession of a Controlled Dangerous Substance, and Burglary, Second Degree is outweighed by the prejudicial effect of these convictions to Defendant.

The Tenth Circuit has identified five factors the Court should consider in balancing the probative and prejudicial value of prior convictions submitted for impeachment purposes: (1) the nature of the crime; (2) the time of conviction; (3) the similarity of the past crime to the charged crime; (4) the importance of the defendant's testimony; and (5) the degree to which the defendant's credibility is central to the case. *United States v. Sides*, 944 F.2d 1554, 1560 (10th Cir. 1991).

With regard to the first factor, "nature of the crime," the crimes of Possession with Intent to Distribute Methamphetamine, Possession of a Controlled Dangerous Substance, and Burglary, Second Degree do not contain an element of truthfulness or veracity, but these crimes do call Defendant's truthfulness into question. Regarding the second factor, "time of conviction," Plaintiff states Defendant's convictions occurred in 2008, 2013, and 2014. All of these

convictions occurred within the last ten years, and two of the convictions occurred within the past two years.

With regard to the third factor, "similarity of the past crime to the charged crime," Defendant argues his convictions and the charged crime are sufficiently similar for a group of jurors to use as propensity evidence. Specifically, Defendant argues admitting his conviction of Possession with Intent to Distribute Methamphetamine will lead jurors to believe Defendant may have used a firearm in such an offense. Once the jury believes firearms may have been used in a previous offense, "it is not a broad leap for them to believe that blasting caps could be in Mr. Hebert's repertoire." (Doc. No. 57, at 5). The Court does not find this argument compelling. Possession of blasting caps is sufficiently different from Possession with Intent to Distribute Methamphetamine that it is not likely to confuse jurors into using the prior convictions as propensity evidence.

The fourth factor is the "importance of the defendant's testimony." In this regard, Defendant argues his testimony is critical, because he is the only witness who can testify as to his knowledge of possession of the blasting caps. The Court agrees that Defendant's testimony is important to the case.

The fifth factor is the "degree to which the defendant's credibility is central to the case." As with the fourth factor, the Court concludes Defendant's credibility is central to the case, particularly because a conviction requires proof of Defendant's knowledge, and Defendant intends to testify regarding his knowledge of the blasting caps.

Balancing these factors together, the Court concludes the probative value of Defendant's prior convictions outweighs their prejudicial effect. Accordingly, if Defendant testifies, Plaintiff

may introduce evidence of Defendant's prior felony convictions identified in Plaintiff's Response Brief (Doc. No. 61) for impeachment purposes.

**<u>Conclusion</u>**

For the reasons set forth above, Defendant Kenneth James Hebert's Motion in Limine (Doc. No. 57) is DENIED.

IT IS SO ORDERED this 18th day of September, 2015.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma